**SO ORDERED.**

**SIGNED this 13 day of May, 2010.**



_Stephani W. Humrickhouse_
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
FAYETTEVILLE DIVISION

IN RE:                                                                                              CASE NO.

NEAL JOHN WILLIAMS                                                                  10-01163-8-SWH
KIMBERLY GAIL WILLIAMS

      DEBTORS

## ORDER REGARDING MOTION TO TRANSFER VENUE

The matter before the court is the motion to transfer venue filed by Neal John Williams. A hearing took place in Raleigh, North Carolina on May 11, 2010.[1]

Neal John Williams and Kimberly Gail Williams filed a petition for relief under chapter 13 of the Bankruptcy Code on February 16, 2010. Upon filing, Mr. and Mrs. Williams were represented by counsel. Mr. Williams indicated at the hearing that he and his wife have since separated, they are no longer represented by counsel, and he has moved to Florida. Further, Mr. Williams asserts that his wife has not actively participated in the bankruptcy, but that he has and would like to continue pursuing his case in Florida. Finally, Mr. Williams asserts that he has not found counsel in Florida willing to represent him for the remainder of his bankruptcy case unless the case is transferred to Florida. As a result, Mr. Williams requests transfer of the case. He now

---

[1] Mr. Williams appeared by telephone.

lives with his mother in St. Petersburg, Florida.[2]  Mrs. Williams did not appear at the hearing or make any responsive pleading.

This motion is governed by 28 U.S.C. § 1412 and Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure.  Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."  Under Rule 1014(a)(1):

> If a petition is filed in the proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

The petition appears to have been filed in the proper district, as the debtors lived in Hope Mills, North Carolina at the time of filing.[3]

In determining whether to transfer venue "in the interest of justice" or "for the convenience of the parties," courts look to the facts and circumstances of each case, considering in particular the proximity of the debtors, creditors, assets, and evidence to the court, as well as the economic administration of the estate.  See In re Commonwealth Oil Refining Co., 596 F.2d 1239 (5th Cir. 1979); In re Mainline Contracting, Inc., 2009 WL 3785568 (Bankr. E.D.N.C. 2009).  Now that Mr. Williams lives in Florida, he is certainly no longer located within close proximity to the Eastern District of North Carolina.  In addition, he is working in Florida as a consultant to a family member's construction business.  As to the proximity of creditors, it appears that while a portion of the

---

[2] Based on the address provided and Mr. Williams' representation that he lives in St. Petersburg, the applicable district is the Middle District of Florida.

[3] In their petition, the debtors indicated that they had been domiciled in this district for 180 days or for the majority of that time period prior to filing.  See 28 U.S.C. 1408(1).

creditors are located in North Carolina, the majority of creditors are spread throughout the U.S. The debtors have no real property, and their personal property is now located in both North Carolina and Florida. As to the economic administration of the estate, it is likely an opportune time to transfer venue and for Mr. Williams to obtain new counsel in Florida, in order to sort out a disagreement between Mr. Williams with his former counsel about the contents of the chapter 13 plan proposed on February 16, 2010.

Based upon Mr. Williams' changed personal circumstances and corresponding change of residence to Florida, the location of his creditors, as well as the lack of any objection filed, the court will allow Mr. Williams' motion to transfer venue to the Middle District of Florida.

Given that only Mr. Williams requested transfer of a case that was filed jointly, the joint nature of the case must be addressed prior to the actual transfer of Mr. Williams' case. Because Mrs. Williams appears to remain located in North Carolina and has not requested a transfer of venue, the court will sever Mr. Williams' case from that of Mrs. Williams so that his case may proceed separately.[4]

Accordingly, the Williams' bankruptcy case shall be divided into two separate cases, and Mr. Williams' motion to transfer venue is **ALLOWED.**

**SO ORDERED**.

**END OF DOCUMENT**

---

[4] See In re Shjeflo, 383 B.R. 192 (Bankr. N.D. Okla. 2008) (finding division of case appropriate in accordance with the court's powers under § 105(a) where the debtors had divorced and the female debtor sought to convert from chapter 13 to chapter 7).